UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DEMARIO HUNTER, | ) |
| Movant, | ) |
| v. | ) No. 4:22-CV-0630 JAR |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Movant Demario Hunter's Amended Motion to Vacate Conviction under 28 U.S.C. § 2255. (ECF No. 14). The Government filed a response partially consenting to the § 2255 Motion. (ECF No. 19). Movant filed a reply (ECF No.26). This matter is fully briefed and ready for disposition. For the following reasons, Movant's Motion will be granted in part.

**I.   Background**

On December 15, 2021, Movant pled guilty to two counts of a four-count Indictment. (4:19-cr-764-JAR, ECF No. 154). As relevant to the plea, Count One charged Movant with attempted carjacking resulting in death, in violation of Title 18, U.S.C. § 2119(3). *Id.* Count Two charged movant with possessing and discharging a firearm in furtherance of a crime of violence, resulting in the commission of a murder, in violation of Title 18, U.S.C. § 924(j). *Id.*

During plea negotiations between the parties in September 2021, the parties agreed that pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the Government would dismiss Counts Three and Four of the indictment, and the parties would recommend that Movant be

sentenced to an aggregate sentence of 300-months imprisonment. (ECF No. 154 at 2). During the December 15, 2021 combined plea and sentencing hearing, Movant stated, under oath, that the facts contained within the plea agreement were true and that he was agreeing to the aggregate sentence of 300 months. *Id.* In accordance with that plea agreement, the Court sentenced Movant to an aggregate sentence of 300-months imprisonment, comprised of a 180-month term on Count One and a consecutive 120-month term on Count Two. *Id.*

Movant filed a *pro se* Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255 (ECF No. 1) on June 13, 2022, and filed a supplemental filing (ECF No. 3) on June 21, 2022. On August 4, 2022, the Court appointed counsel for Movant. (ECF No. 10). Through counsel, Movant filed an Amended Motion to Vacate Conviction under 28 U.S.C. §2255, which asserted only one ground for relief: an attempted carjacking cannot serve as a predicate crime of violence for Count Two. (ECF No. 14). [1] The Government responded to the Amended Motion on February 13, 2023. (ECF No. 19). Although the Government does not oppose Movant's argument, it asserts that the proper remedy is vacatur and resentencing. *Id.* at 11.

**II.    Standard of review**

Pursuant to 28 U.S.C. § 2255, a federal prisoner may seek relief from a sentence imposed against him on grounds that "the sentence was imposed in violation of the Constitution or law of

---

[1] The Government further argues that, to the extent the Court considers the arguments Movant raised in his first filing but did not renew in his amended motion, those arguments should be denied. (ECF No. 19) Filing an amended motion to vacate completely replaces the original and any supplemental motions and memoranda. *See McCoy v. United States*, No. 4:20-cv-849 RWS, 2020 WL 4805351, at *2 (E.D. Mo. Aug. 17, 2020). Thus, any claims which are not re-alleged in the amended motion are deemed abandoned. *Id.* The Court therefore finds that Movant's claims which were not re-alleged in his amended motion are abandoned, and it will not consider them here. Any claims in Petitioner's Motion Under 28 U.S.C. §2255 to Vacate, Set Aside or Correct a Sentence a Person in Federal Custody (ECF No. 1) are denied as moot and without a hearing.

the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law or is otherwise subject to collateral attack." 28 U.S.C. § 2255. To obtain relief under § 2255, the movant must establish a violation constituting "a fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Gomez,* 326 F.3d 971, 974 (8th Cir. 2003) (quoting *United States v. Boone,* 869 F.2d 1089, 1091 n.4 (8th Cir. 1989)).

### III. Discussion

The parties agree that, when analyzed pursuant to the categorical approach, attempted carjacking does not constitute a crime of violence under *United States v. Taylor*, 142 S. Ct. 2015, 2020 (2022). *See* ECF No. 14 at 4; ECF No. 19 at 9-10. In *Taylor*, the Supreme Court held that attempted Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a), does not qualify as a crime of violence because it does not categorically require the government prove the use, attempted use, or threatened use of force. *Id.* Instead, the Government only was required to prove: (i) the defendant intended to take personal property by means of actual or threatened force, and (ii) a substantial step towards that aim. *Id.* The Supreme Court found that it was categorically possible for a defendant to commit attempted Hobbs Act robbery without committing a crime of violence. *Id.* In other words, in *Taylor*, the Supreme Court distinguishes between an attempt to commit a crime which threatens the use of force, and the attempted use of force itself, finding that the former is broader than the latter. *Id.* at 2021.

*Taylor* did not analyze whether a charge for a crime of violence predicated on attempted carjacking would survive analysis under the categorical approach. The Eighth Circuit has not weighed in on the issue. *Cf. United States v. Shields*, 63 F.4th 1145, 1147 (8th Cir. 2023) (holding

3

that conspiracy to commit carjacking was, under the categorical approach, a crime of violence). Nevertheless, courts in the Eastern District of Missouri have found that it is categorically possible for a defendant to commit attempted carjacking without committing a crime of violence. *See Williams v. United States*, No. 4:19-CV-2668 RLW, 2022 WL 1775218, at *2 (E.D. Mo. Dec. 19, 2022).

An attempted carjacking requires a defendant possess the intent to "cause death or serious harm", a higher intent requirement than Hobbs Act robbery, which merely requires intent to use or threaten force. *See Williams*, 2022 WL 1775218, at* 2 (internal citations omitted). However, this intent requirement is "conditional," which means that the defendant may intend only to inflict death or serious bodily harm "if that action had been necessary to complete the taking of the car." *Id.* (citing *Holloway v. United States*, 526 U.S. 1, 9, 12 (1999)). Like a completed Hobbs Act robbery, a defendant may complete a carjacking through the threat of force alone. *Id.* Thus, the possibility that a defendant could be convicted of an attempted carjacking on an "attempt to threaten" means that the offense does not categorically qualify as a crime of violence, when viewed through the lens of *Taylor*. *Id.* As attempted carjacking does not constitute a crime of violence under a categorical analysis, the Court finds that Movant's predicate offense is insufficient to support a charge under 18 U.S.C. § 924(j). The Court will therefore grant that part of Movant's Amended Motion.

Although admitting that the Court should vacate Movant's conviction under § 924 (j), the Government argues that the appropriate remedy is vacatur and resentencing. (ECF No. 19 at 11). When a case involves multiple counts, and a defendant successfully attacks some, but not all, of the counts, courts will apply the "sentencing package doctrine." *See United States v. Williams*,

4

No. 21-2489, 2023 WL 3590705, at *1 (8th Cir. May 23, 2023). A multi-count sentence is a "package"; severing a portion of the total sentence will "unbundle" the whole. *Gardiner v. United States*, 114 F.3d 734, 736 (8th Cir. 1997). A sentencing court issues one judgment, even when a defendant is sentenced for multiple, related convictions. *Id.* That judgment encompasses all of the convictions and sentences which, in the aggregate, determine one overall term of custody. *Id.* The sentencing package doctrine allows a court to "vacate the entire sentence on all counts so that, on [resentencing], the trial court can reconfigure the sentencing plan to ensure that it remains adequate to satisfy the sentencing factors in 18 U.S.C. § 3553(a)." *United States v. McArthur*, 850 F.3d 925, 943 (8th Cir. 2017) (quoting *Greenlaw v. United States*, 544 U.S. 237, 253 (2008)). To correct the judgment, the Court must issue a new sentence which encompasses the aggregate term of custody. The Court holds that vacatur and a full resentencing are the appropriate remedies.

By separate order in the underlying criminal case, the Court will set a resentencing hearing and direct the United States Probation Office to prepare a resentencing report and sentencing recommendation. Resentencing Movant is within the Court's authority under § 2255, and it does not violate double-jeopardy principles. *See Gardiner*, 114 F.3d at 735-737. Further, such resentencing is consistent with maintaining a sentence compatible with the Court's intention based on the facts of the underlying criminal case.

Accordingly,

**IT IS HEREBY ORDERED** that Movant Demario Hunter's Amended Motion to Vacate Conviction Under 28 U.S.C. § 2255 (ECF No. 14) is **GRANTED in Part**. The sentence on Count

I is set aside, and the case will be reset for sentencing by separate order. The judgment and sentence on Count II are hereby vacated.

**IT IS FURTHER ORDERED** that this Court will not issue a certificate of appealability, as Movant has not made a substantial showing of the denial of a federal constitutional right.

Dated this 24th day of July, 2023.

*John A. Ross*
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE